UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

TYRONE CREIGHTON,

                Plaintiff,

              -against-

Dkt No.  23-CV-4002

THE CITY OF NEW YORK, NYPD POLICE
OFFICER CARLOS GOMEZ, LT.ERIC DYM,
and JOHN/JANE DOE 1-5 (the names being
fictitious as their identities are unknown),

                        Jury Trial Demanded

              Defendants.
------------------------------------------------------------------------ x

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of Plaintiff's

   rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth,

   Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The Jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Tyrone Creighton ("Mr. Creighton" or "Plaintiff") is an African American male

   resident of BRONX County in the City and State of New York.

7. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named Defendants herein.

8. NYPD Police Officer Carlos Gomez, shield number 14919 ("Defendant Gomez"), at all times relevant herein, was a police officer, employee and agent of the NYPD. Defendant Gomez is sued in his individual and official capacities.

9. LT. Eric Dym, ("Defendant Dym"), at all times relevant herein, was a lieutenant, employee and agent of the NYPD. Defendant Dym is sued in his individual and official capacities.

10. At all times relevant Defendants John and Jane Doe 1 through 5 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of Defendants John and Jane Doe 1 through 5.

11. At all times relevant herein, all of the Defendants, including, John and Jane Doe 1 through 5 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 5 are sued in their individual and official capacities.

12. At all times relevant herein, all individual Defendants (collectively "Defendants") were acting under color of state law.

## STATEMENT OF FACTS

13. On May 26, 2020, at approximately 8:45 p.m., Mr. Creighton observed NYPD personnel in front of his building 818 Home Street, Bronx, New York.

14. Shortly thereafter, a police vehicle rushed at Plaintiff's twelve (12) year old nephew while he was crossing the street.

15. The Plaintiff observed several officers exit the vehicle and run after his nephew.

16. The officers attacked and grabbed the Plaintiff's nephew and pushed him against a parked vehicle.

17. Plaintiff and other family members immediately approached the officers and identified themselves as the family of the child.

18. Plaintiff wanted to know why the police were treating his nephew so aggressively for crossing the street to his family.

19. Plaintiff was not breaking any laws or interfering with the police.

20. Plaintiff began trying to get information from the NYPD Officers but received no explanation for what was happening.

21. The child's father Darryl Walker ("Darryl"), Plaintiff's younger brother, was also present, but he too was not provided with any information.

22. Additional officers came to the scene as well.

23. These officers aggressively ordered and pushed people back.

24. The claimant moved back, and the officers started to charge at Darryl.

25. The Plaintiff started to film the occurrence with his phone, including an officer that was striking his brother, Darryl.

26. At one point an officer in a white shirt asked the Plaintiff something to the effect of "what's happening here?"

27. As the Plaintiff began to give an explanation, Defendant John Doe 1 ran up and violently pushed the Plaintiff's chest backwards, sending him flying.

28. Then Defendants Dym, Gomez and John/Jane Does 2-5 rushed towards the Plaintiff and threw him up against a parked vehicle, banging his head into the car, hand cuffing and arresting him.

29. After the Plaintiff was placed inside the vehicle he was maced in the face by one of the Defendants

30. The mace caused Plaintiff to have a burning feeling on his face and eyes.

31. The Plaintiff was unable to see for thirty (30) minutes and had difficulty breathing.

32. The Plaintiff was maced while he was handcuffed and then transported to PSA7.

33. One of the Defendants at the precinct, recognized the Plaintiff from a prior incident and told the Plaintiff that he was going to make sure he was the last to leave.

34. The Plaintiff was detained for approximately ten (10) hours.

35. The Plaintiff received medical treatment at the precinct for his eyes.

36. Plaintiff received a summons and complaint for disorderly conduct.

37. Upon information and belief, the Defendants forwarded false information to the Bronx District Attorney's Office.

38. The Plaintiff's phone which contained video footage of the incident was taken by the Defendants and never returned.

39. Even though NYPD protocols require the police to provide NYPD Property Clerk Invoices for all property taken from individuals by the police, the Defendants never provided a NYPD Property Clerk Invoice or other record that they had seized Plaintiff's cell phone.

40. When the Plaintiff went to 42nd Precinct on or about May 27, 2020 to retrieve it, Plaintiff spoke to the Hispanic sergeant whom Plaintiff had seen the night before recover Plaintiff's

cell phone. When Plaintiff asked the sergeant where his cell phone was, the sergeant stated in sum and substance that he had turned it over to PSA 7.

41. Plaintiff then went to PSA 7, and spoke with the officer behind the desk.

42. When Plaintiff asked the desk officer where his cell phone was, the desk officer told Plaintiff that the precinct did not have it.

43. Plaintiff sustained physical and emotional injuries as a result of the incident.

44. The arrest, imprisonment and the physical contact were all without just cause, provocation, and said actions were excessive, offensive to claimant, unprivileged and without consent.

45. On or about September 23, 2020, Plaintiff went to Bronx Criminal Court for his appearance ticket.

46. Due to the Coronavirus Pandemic, when Plaintiff arrived at the courthouse, a court officer in front of the courthouse gave Plaintiff a piece of paper with a number to call for an update on the status of his criminal case.

47. Plaintiff called the number listed on the paper and was informed that his Court date was adjourned until approximately December 2020.

48. In approximately December 2020, Plaintiff went back to Bronx Criminal Court and was informed that there was no record of a pending case for him.

49. Upon information and belief, all charges were favorably dismissed against Plaintiff.

50. As a result of the foregoing, Mr. Creighton has suffered physical and emotional injuries including but not limited to depression, fear, embarrassment, humiliation, emotional distress, frustration, anxiety, post-traumatic stress and loss of his liberty.

51. Within ninety (90) days following the occurrence of the incidence complained of in this Complaint, Plaintiff filed a written Notice of Claim with Defendant City of New York pursuant to General Municipal Law 50-e.

52. Thirty (30) days since the filing thereof have elapsed without adjustment or payment of Plaintiff's claim.

## FIRST CLAIM
### False Arrest

53. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

54. The Individual Defendants violated the Fourth and Fourteenth Amendments because they arrested Plaintiff without probable cause.

55. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### Malicious Prosecution

56. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

57. By their conduct, as described herein, and acting under color of state law, Defendants are liable to Plaintiff under 42 U.S.C. § 1983 for violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

58. Defendants maliciously commenced a criminal proceeding against Plaintiff, charging him with murder and other charges.

59. Defendants' unlawful actions were willfully, knowingly, with malice and with the specific intent to deprive Plaintiff of his constitutional rights.

60. The prosecution by Defendants of Plaintiff constituted malicious prosecution in that they commenced the criminal proceeding against the Plaintiff without any basis.

61. The prosecution by Defendants of Plaintiff constituted malicious prosecution in that they continued with the criminal prosecution against the Plaintiff without any basis.

62. The criminal prosecution was terminated in Plaintiff's favor.

63. As a direct and proximate result of the misconduct and abuse of authority stated above, Plaintiff sustained the damages alleged herein.

## THIRD CLAIM
### Denial of the Right to a Fair Trial

64. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

65. The individual Defendants forwarded false evidence to prosecutors about Plaintiff.

66. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual Defendants violated Plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

67. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Retaliatory Prosecution

68. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

69. Plaintiff objected to the way his nephew was being treated by the police.

70. In retaliation, Plaintiff was arrested and prosecuted without any legal justification or probable cause.

71. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Excessive Force

72. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

73. Defendants have deprived Plaintiff of his civil, constitutional and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

74. Defendants have deprived Plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that Defendants used excessive and unreasonable force in effecting the arrest of Plaintiff.

75. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
## Failure to Intervene

76. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

77. Those Individual Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

78. Accordingly, the Individual Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

79. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
## Negligent Hiring, Training, and Supervision Under State Law Against Defendant City of New York

80. Plaintiff repeats and realleges each and every allegation contained in the aforementioned paragraphs of this Complaint.

81. Upon information and belief, Defendant Dym had 52 substantiated allegations of misconduct against him in the Civilian Complaint Review Board.

82. By virtue of the foregoing, Defendant THE CITY OF NEW YORK is liable to Plaintiff because of its intentional, deliberately indifferent, careless, reckless, and/or negligent failure to adequately hire, train, supervise, and discipline its agents, servants and/or employees employed by the NYPD with regard to their aforementioned duties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

(a) Compensatory damages against all Defendants, jointly and severally;

(b) Punitive damages against the Individual Defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated: May 12, 2023
New York, New York

BRUSTEIN LAW, PLLC

_____/s/_____

Evan Brustein
299 Broadway, 17th Floor
New York, NY 10007
(212) 233-3900

CONDE LAW FIRM, PLLC.

_____/s/_____

Marion Conde da Silveira

299 Broadway, 17th Floor
New York, New York 10007
(917)470-2837
*Attorneys for Plaintiff*